**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **JAY S. PETERSON,** | : | **CIVIL ACTION** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO. 2:11-cv-3064-JD** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **INTERNAL REVENUE SERVICE, and** | : | |
| **LINDA HAWS** | : | |
| | : | |
| **Respondents.** | : | |

_____

**DuBOIS, J.**                                                          **March 1, 2012**

**M E M O R A N D U M**

**I. INTRODUCTION**

        In this case, petitioner Jay S. Peterson seeks to quash an Internal Revenue Service

("IRS") third-party summons issued in connection with an investigation into petitioner's tax

liability for the 2007, 2008, and 2009 tax years. Petitioner argues that the IRS issued the third-

party summons illegally. Respondents[1] filed an Opposition to Peterson's Petition, which the

Court converted into a motion for summary judgment by Order of November 17, 2011. For the

reasons that follow, the Court rejects petitioner's claims and grants summary judgment in favor

of respondents.

_____

[1] Peterson named the United States of America, the Internal Revenue Service, and Revenue
Agent Linda Haws as Respondents in this matter. However, the United States is the only proper
respondent to a petition to quash an IRS summons. See DeLeeuw v. I.R.S., 681 F. Supp. 402,
403–04 (E.D. Mich. 1987) (holding that the IRS and its agents are not proper parties to a petition
to quash an IRS summons). The Court will refer to the United States as the proper party.

## II. BACKGROUND

### A. Factual Background

IRS Revenue Agent Linda Haws is currently examining petitioner's income tax liability for the 2007, 2008, and 2009 tax years. (Decl. Revenue Agent Linda Haws ("Haws Decl."), Ex. to U.S.'s Opp'n Pet'n Quash IRS Third Party Summons ("Gov't Opp'n"), ¶ 3.) According to IRS records, petitioner has not voluntarily filed a tax return since 2001. (Id. ¶ 4.) Pursuant to her investigation, Agent Haws sent petitioner two letters—one on March 8, 2011, and one on March 21, 2011—notifying him that the IRS might contact third parties regarding petitioner's tax liabilities and informing him of his right to request a list of any third parties the IRS contacted. (Id. ¶¶ 6–9; Letter from Linda Haws to Jay S. Peterson (March 8, 2011), Haws Decl. Ex. 1; Letter from Linda Haws to Jay S. Peterson (March 21, 2011), Haws Decl. Ex. 2.) Petitioner never requested such a list. (Haws Decl. ¶ 10.)

Homecomings Financial LLC ("Homecomings"), whose successor is GMAC Mortgage Corporation, was a mortgage company that did business with petitioner. (See id. ¶¶ 11–12.) Agent Haws believed that Homecomings might have records and information relating to the amount of mortgage interest petitioner paid during the relevant tax years. (Id.) On April 19, 2011, Agent Haws issued an IRS administrative summons ("Summons") to Homecomings directing Homecomings to appear at the IRS office in Omaha, Nebraska, on May 19, 2011, and produce records relating to Homecomings's dealings with petitioner. (Id. ¶ 13; Summons, Haws Decl. Ex. 3.) Agent Haws mailed a copy of the Summons by certified mail to petitioner's last known address on April 19, 2011, the same day she issued the Summons to Homecomings. (Haws Decl. ¶ 16, Ex. 5.)

**B. Procedural History**

Petitioner filed a Petition to Quash IRS Third Party Summons ("Petition") in this Court on May 9, 2011. [2] The Petition contains no evidence supporting petitioner's allegations. Respondents filed an Opposition to Petition to Quash IRS Third Party Summons ("Government's Opposition") on July 19, 2011. The Government's Opposition contains documentary evidence supporting the Government's contention that it issued the Summons legally, including, inter alia, an affidavit from Agent Haws and copies of the two letters Agent Haws sent to petitioner. Petitioner filed an Opposition to United States' Motion to Dismiss[3] ("Petitioner's Opposition") on August 16, 2011. Respondents filed a Reply in Support of the United States' Opposition to Petition to Quash IRS Third Party Summons ("Government's Reply") on August 25, 2011.

Because the Government's Opposition relied on documentary evidence, the Court converted it into a motion for summary judgment under Federal Rule of Civil Procedure 12(d) by Order of November 17, 2011. In doing so, the Court gave petitioner an opportunity to submit any "material that is pertinent" to his response to the Government's Opposition. Fed. R. Civ. P. 12(d). Petitioner filed a Supplemental Opposition to United States' Motion to Dismiss Pursuant

---

[2] The IRS also issued summonses to A&A Drug Co., JP Morgan Chase Bank, and Union Bank and Trust, all of which are located in Nebraska. Petitioner filed a motion to quash those summonses in the United States District Court for the District of Nebraska. The Petition to Quash in that case is based on arguments that are virtually identical to those at issue in this case. On February 23, 2012, the Nebraska District Court dismissed the petition to quash with prejudice. Peterson v. United States, No. 4:11CV3071, 2012 WL 602140 (D. Neb. Feb. 23, 2012).

[3] Although petitioner titled his Opposition as "Opposition to United States' Motion to Dismiss," the Government's Opposition was not a motion to dismiss, but rather simply a response to the Petition.

to the Court's Order of November 18, 2011 ("Petitioner's Supplemental Opposition").

Petitioner's Supplemental Opposition does not contain any evidence in support of his allegations.

## III. LEGAL STANDARD

When a taxpayer brings a petition to quash a third-party summons, the Government

typically opposes the petition to quash and moves to enforce compliance with the summons. In

such a situation, courts apply the standard set forth in United States v. Powell, 379 U.S. 48

(1964).[4]

In this case, the Government has not moved to enforce compliance with the summons.

Rather, the Government merely opposes the Petition. When the Government opposes a petition

to quash but does not seek to enforce compliance with the summons, "the [G]overnment is not

required to establish a prima facie case." Johnson v. United States, No. 05-31, 2005 WL

3277999, at *1 (W.D. Pa. Dec. 2, 2005) (citing Knauss v. United States, 28 F. Supp. 2d 1252,

1254 (S.D. Fla. 1998)). "Rather, 'the burden shifts immediately to the petitioner to establish a

valid defense to the summons.'" Id. at *1 (quoting Wilde v. United States, 385 F. Supp. 2d 966,

968 (D. Ariz. 2005)); see also Cosme v. IRS, 708 F. Supp. 45, 48 (E.D.N.Y. 1989). This is true

at both the motion-to-dismiss stage and the summary-judgment stage. See Twin Palms Resort,

LLC ex rel. Harbour v. United States, 676 F. Supp. 2d 1350, 1353 (S.D. Fla. 2009) (placing

burden on petitioner to assert valid defense to IRS third-party summons after converting

Government's motion to dismiss into motion for summary judgment).

---

[4] Under the Powell standard, an IRS summons should be enforced if: (1) the IRS's investigation
is being conducted for a legitimate purpose, (2) the information sought is relevant to that
purpose, (3) such information is not already in the IRS's possession, and (4) the IRS has
followed the administrative steps required by the Internal Revenue Code. 379 U.S. at 57–58.

Because the Court converted the Government's Opposition into a motion for summary judgment under Federal Rule of Civil Procedure 12(d), the summary-judgment standard under Federal Rule of Civil Procedure 56 applies. Under that standard, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

In this case, petitioner has the burden of proving a valid defense to the Summons. See Johnson, 2005 WL 3277999, at *1. In order for the Court to grant summary judgment in the Government's favor, the Government must demonstrate that there is no genuine issue of material fact as to whether petitioner has met his burden of showing that there is a valid defense to the Summons. See id.

5

## IV. DISCUSSION

Petitioner asserts seven defenses[5] to the Summons:

1. The IRS failed to give petitioner timely notice required by 26 U.S.C. § 7609(a)(1);

2. The IRS failed to give petitioner advance notice that it might contact third parties and failed to provide petitioner with a record of persons contacted as is required by 26 U.S.C. § 7602(c)(1) and (2);

3. The Summons was issued while a referral for criminal prosecution to the Department of Justice was pending, in violation of 26 U.S.C. § 7602(d)(2)(A);

4. The IRS issued multiple summonses in multiple jurisdictions;

5. The IRS failed to serve the Summons in good faith as required by Powell, 379 U.S. at 57–58;

6. The Summons requires petitioner's records to be turned over to Homecomings "in violation of the Privacy Laws of the United States of America," (Pet. 4); and

7. The Summons violates "the Fourth Amendment of the U.S. Constitution" and "the Privacy Laws of the State of Nebraska (Article I, C1-7 of the Nebraska Constitution)," (Id. at 4).

(Id. at 2–4.) This Memorandum will consider each of petitioner's defenses in turn.

### A. Alleged Lack of Notice Under 26 U.S.C. § 7609(a)(1)

Under 26 U.S.C. § 7609(a)(1), the IRS must notify the taxpayer of any third party summons (1) within three days after the summons was served on the third party, and (2) no later than twenty-three days before the date fixed in the summons when records must be produced. "Such notice shall be sufficient if, on or before such third day, such notice is . . . mailed by certified or registered mail to the last known address of such person." Id. § 7609(a)(2).

According to the IRS, Agent Haws sent a copy of the Summons via certified mail to petitioner's last known address on April 19, 2011, the same day the IRS issued the Summons to

---

[5] The Petition refers to these defenses as "Cause[s] of Action." (Pet'n 2–4.) This Memorandum will refer to them as what they actually are: defenses to the Summons.

Homecomings. (Haws Decl. ¶ 16; Service of Summons, Notice and Recordkeeper Certificates, Haws Decl. Ex. 5.) Homecomings was not required to produce records pursuant to the Summons until May 19, 2011. (Summons, Haws Decl. Ex. 3.) Thus, the IRS notified petitioner of the Summons within three days of issuing the Summons to Homecomings and more than twenty-three days before the Summons required Homecomings to respond, as 26 U.S.C. § 7609(a)(1) requires. Accordingly, petitioner's first defense fails.

**B. Alleged Lack of Notice Under 26 U.S.C. § 7602(c)**

26 U.S.C. § 7602(c) requires the IRS to provide "reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." 26 U.S.C. § 7602(c)(1). Under this provision, the IRS must also "periodically provide to a taxpayer a record of persons contacted" during an investigation. Id. § 7602(c)(2).

In this case, the IRS sent petitioner letters on March 8, 2011, and March 21, 2011—well before the Summons issued on April 19, 2011—informing him that the IRS might contact third parties. (Haws Decl. ¶¶ 7, 9, Exs. 1–2.) The letters informed him of his right to request a list of parties that the IRS contacted. (Id. Exs. 1–2.) Thus, the IRS gave petitioner "reasonable notice in advance . . . that contacts with persons other than the taxpayer may be made." 26 U.S.C. § 7602(c)(1).

Petitioner argues that respondents violated § 7602(c)(2) by not providing to petitioner a list of all third parties that the IRS contacted pursuant to its investigation. The Government was under no obligation to notify petitioner under § 7602(c)(2) of its issuance of the Homecomings Summons because petitioner already had such notice under § 7609(a)(1) when Agent Haws sent petitioner a copy of the summons on April 19, 2011. See 26 C.F.R. § 301.7602-2(e)(3) ("A post-contact record under this section need not be made, or provided to a taxpayer, for third-party

contacts of which the taxpayer has already been given a similar record pursuant to another statute, regulation, or administrative procedure."). Petitioner has not provided any evidence that the IRS contacted any parties other than Homecomings and those at issue in the Nebraska action.[6] See Fireman's Ins. Co., 676 F.2d at 969 (holding that a party opposing a motion for summary judgment cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim). Thus, petitioner has failed to meet his burden of proving this defense to the Summons.

### C. Alleged Referral for Criminal Prosecution

Petitioner alleges that the Summons was "issued while a referral for criminal prosecution to the Department of Justice [was] pending, . . . in violation of [s]ection 7602(d)(2)(A)." (Pet. 3.) While issuing a summons while a referral for criminal prosecution to the Department of Justice is pending would be a violation of § 7602(d)(2)(A), no such referral was pending at the time Agent Haws issued the summons. (Haws Decl. ¶ 21.) Thus, petitioner's third defense is without merit.

### D. Multiple Summonses in Multiple Jurisdictions

Petitioner's claim that the IRS abused the summons process by issuing multiple summonses in multiple jurisdictions is unsupported by law. In addition to the summons at issue in this case, Agent Haws also issued summonses to entities in Nebraska during her investigation. The relevant portion of 26 U.S.C. § 7609(h) states that "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." Further,

---

[6] Petitioner received adequate notice of the IRS's contacting the entities at issue in the Nebraska action under §§ 7609(a)(1) and 7602(c). Peterson v. United States, 2012 WL 602140, at *2.

"Congress has endowed the IRS with expansive information-gathering authority." United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984). Petitioner cites no rule of law precluding the IRS from issuing summonses to entities in multiple jurisdictions, and the Court has been unable to find any. Thus, petitioner's fourth defense lacks merit.

**E. Alleged Lack of Good Faith**

Petitioner argues that, "[b]ecause of the violations and abuses of the summonses [sic] process as alleged [above], the IRS failed to meet the 'GOOD FAITH' requirement of the Powell standard." (Pet. 3.) First, as discussed above, supra Section III, Powell does not apply where the government merely opposes a petition to quash rather than seeking to enforce a summons. See Johnson, 2005 WL 3277999, at *1; Wilde, 385 F. Supp. 2d at 968; Cosme, 708 F. Supp. at 48. Further, as petitioner's allegation acknowledges, petitioner's fifth defense is duplicative of his prior four defenses, and thus, fails for the reasons cited above. See supra Sections IV.A–D.

**F. Alleged Violation of Privacy Laws of the United States of America**

Petitioner argues that the IRS violated "the Privacy Laws of the United States of America" when it issued the Summons asking Homecomings to produce information about him. (Pet'n 4.) Petitioner does not identify the "Privacy Laws" on which he bases his claim. Assuming petitioner intended to assert a violation of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq, that Act states that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by [the Internal Revenue Code]." Id. § 3413(c). More generally, the Supreme Court has held that the notice requirements in 26 U.S.C. § 7609(a), discussed in Part IV.A of this Memorandum, mitigate any privacy concerns in situations such as this, where the IRS knows the identity of the target of the investigation. See Tiffany Fine Arts,

9

Inc. v. United States, 469 U.S. 310, 320 (1985). Petitioner's sixth defense is rejected for these reasons.

### G. Alleged Violation of Fourth Amendment and Nebraska Constitution

Petitioner argues that the Government violated the Fourth Amendment to the United States Constitution and its state-law analogue, Article I, Section 7 of the Nebraska Constitution. The Supreme Court has held that issuance of an IRS third-party summons is not subject to challenge under the Fourth Amendment. Donaldson v. United States, 400 U.S. 517, 522 (1971); see also United States v. Genser, 582 F.2d 292, 304 (3d Cir. 1978). Petitioner does not explain how, if at all, the Nebraska Constitution differs in this respect, and the Court has found no authority for the proposition that the issuance of an IRS third-party summons might violate the Nebraska Constitution. Thus, petitioner's seventh defense fails.

## V. CONCLUSION

The burden of proving defenses to an IRS third-party summons is on the party seeking to quash the summons. In this case, petitioner has not produced any evidence to meet this burden. Thus, the Court grants The United States' Opposition to Petition to Quash IRS Third Party Summons, converted into a motion for summary judgment by this Court by Order of November 17, 2011.

An appropriate Order follows.